IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| JOHNNIE B. SIMS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | )   NO. 2:07-CV-46 |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

This matter is before the Court on the Motion to Dismiss, filed by the United States on February 26, 2007.  Upon due consideration, this motion is **GRANTED**.  Accordingly, this case is dismissed for lack of jurisdiction.  The Clerk is **ORDERED** to close this case.

BACKGROUND

Plaintiff, Johnnie B. Sims, has brought this case as a result of a January 27, 2005, vehicular accident between herself and a Postal vehicle driven by Mary Harris-Brooks, a United States Postal Employee.  The Government has moved to dismiss this action arguing that Plaintiff failed to file a tort claim notice, as required by the Federal Tort Claims Act ("FTCA"), and is thus barred from seeking relief in this Court.  Although given numerous

opportunities and being advised of the gravity of a failure to respond, Plaintiff has failed to respond.

DISCUSSION

Motion to Dismiss Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(1), a defendant may move to dismiss claims over which the federal court lacks subject matter jurisdiction. Jurisdiction is the "power to decide" and must be conferred upon a federal court. *In Re Chicago, Rock Island, & Pacific R.R. Co.*, 794 F.2d 1182, 1188 (7th Cir. 1986). When jurisdictional allegations are questioned, the Plaintiff has the burden of proving that the jurisdictional requirements have been met. *Kontos v. United States Dept. of Labor*, 826 F.2d 573, 576 (7th Cir. 1987). In reviewing a 12(b)(1) motion to dismiss, the Court may look beyond the complaint and view any extraneous evidence submitted by the parties to determine whether subject matter exists. *United Transp. Union v. Gateway Western R.R. Co.*, 78 F.3d 1208, 1210 (7th Cir. 1996). With these legal principles in mind, the Court turns to the instant motion.

The FTCA Bars the Plaintiff's Complaint

Actions against the United States for money damages are barred by the doctrine of sovereign immunity except to the extent that Congress has explicitly expressed consent to be sued. *United States v. Mitchell*, 445 U.S. 535 (1980). The FTCA is a limited

waiver of the United States' sovereign immunity.  The FTCA requires a claimant to file a notice of tort claim with the appropriate federal agency before filing suit against the United States.  28 U.S.C. § 2675(a); *McNeil v. United States,* 508 U.S. 106, 113 (1993).  If the tort claim is not submitted in writing to the appropriate federal agency within two years of the claim's accrual, suit in federal court is forever barred.  28 U.S.C. § 2401(b); *McNeil*, 508 U.S. at 109.  Failure to file a tort claim is not merely a precondition to filing suit, but is jurisdictional and noncompliance divests the Court of subject matter jurisdiction.  *Crawford v. United States*, 796 F.2d 924, 927 (7th Cir. 1986)(citing *Charlton v. United States,* 743 F.2d 557, 558 (7th Cir. 1984)).

Since the collision for which Plaintiff seeks relief occurred on January 27, 2005, she was required to file a notice of a tort claim with the USPS no later than January 27, 2007.  On February 26, 2007, the United States filed its Motion to Dismiss along with other related materials, including the declaration of William T. Lohrman.  Mr. Lohrman is the Tort Claims Coordinator for the United States Post Office, Greater Indiana District, who is responsible for maintaining and processing tort and accident claims made against the USPS for the Greater Indiana District.  (Lohrman Dec. ¶¶ 1-2).  Mr. Lohrman reviewed the tort claim files for 2005 through February 16, 2007, and declared that no such claim was filed by Plaintiff.  (Lohrman Dec. ¶ 3).

As the uncontested facts show that Plaintiff did not timely file a tort claim notice with the USPS, this case must be dismissed for lack of jurisdiction.

CONCLUSION

For the reasons set forth above, the United States' Motion to Dismiss is **GRANTED.**

DATED:  June 26, 2007            /s/RUDY LOZANO, Judge
                                 United States District Court